IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| **FREDERICK DEMETRIUS DEBERRY,** | ) |
| | ) |
| Petitioner, | ) |
| | ) Civ. No. 1:22-cv-01240-STA-jay |
| v. | ) |
| | ) |
| **ROBERT ADAMS, JR., ET AL.,** | ) |
| | ) |
| Respondents. | ) |

**ORDER DIRECTING CLERK TO MODIFY DOCKET, DENYING MOTION FOR PERMISSIVE JOINDER OF PARTY, GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION PURSUANT TO 28 U.S.C. § 2241, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

On November 1, 2022, Petitioner Frederick Demetrius Deberry, Tennessee Department of Correction ("TDOC") prisoner number 215396, an inmate at the Hardeman County Correctional Facility ("HCCF") in Whiteville, Tennessee, filed a *pro se* petition pursuant to 28 U.S.C. § 2241. (ECF No. 1.) On November 4, 2022, the Court granted Petitioner leave to proceed *in forma pauperis*. (ECF No. 4.) At the Court's direction, Petitioner filed an Amended Petition on March 9, 2023. (ECF No. 8.) On April 30, 2024, the Court directed the respondent[1] to file a response to the Amended Petition, as the operative petition in the case. (ECF No. 13.) On June 25, 2024, Respondent filed portions of the state court record. (ECF No. 21.) On June

---

[1] The proper respondent to a habeas petition is the petitioner's custodian, HCCF Warden Chance Leeds. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-435 (2004); *see* Hardeman County Correctional Facility (last accessed Feb. 24, 2025). The Clerk shall record the respondent as HCCF Warden Chance Leeds and shall terminate all references to Robert Adams, Jr., Christopher Brun, and David Sexton as the respondents.

26, 2024, Respondent filed Respondent's Motion to Dismiss the Petition As Untimely, *Heck*-Barred, and Procedurally Defaulted, and To Be Excused From Filing the Complete State Court Record. (ECF No. 22.) On July 10, 2024, Petitioner filed a Response and Objection in Opposition to Respondent's Motion to Dismiss. (ECF No. 23.) On January 6, 2025, Petitioner filed a Motion for Permissive Joinder of Party. (ECF No. 27.)

## I.   BACKGROUND

On July 17, 1990, the victim, a student at Middle Tennessee State University, and Jason Jones drove to Nashville in the victim's car and got into an argument, resulting in the loss of the ignition keys. *State v. Deberry*, No. 02C01-9304-CC-00074, 1993 WL 492702, at *1 (Tenn. Crim. App. Dec. 1, 1993), *perm. app. denied* (Tenn. May 16, 1994) ("*Deberry I*") (ECF No. 21-3 at PageID 258-62). Petitioner, who was armed, and another man accosted the couple. *Id.* The keys were found, and Jones was locked in the trunk. *Id.* The victim was held captive in the front seat with the two men. *Id.* Petitioner drove to Jackson, Tennessee, and the other man left the car. *Id.* Petitioner continued driving, stopped along the highway near the Loosahatchie River in Fayette County, Tennessee, raped the victim holding a pistol to her head, and then drove to Tupelo, Mississippi. *Id.* (*See United States v. Deberry*, No. 1:90-cr-00081-GHD-DAS ("*Deberry II*"), Doc. 6 at PageID 15.) Petitioner stopped at a service station in Tupelo, thanked the victim for the ride, and told her to drive a mile before letting Jones out the trunk. (*Id.*) The victim drove a few blocks, let Jones out, went to a nearby convenience store, and called the police. (*Id.*) The police took the victim and Jones back to the service station where Petitioner had gotten out of the car and found Petitioner in a phone booth. (*Id.*)

On August 6, 1990, Petitioner was indicted in the United States District Court for the Northern District of Mississippi on two counts of kidnapping, in violation of 18 U.S.C. §§ 1201

2

and 3571 (Counts 1 and 3); two counts of use of a firearm during and in relation to the kidnappings, in violation of 18 U.S.C. § 924(c) (Counts 2 and 4), one count of transporting a firearm in interstate commerce with reasonable cause to believe that a felony would be committed, in violation of 18 U.S.C. § 924(b) (Count 5); and one count of aiding and abetting in the unlawful transport of a stolen vehicle in interstate commerce, in violation of 18 U.S.C. §§ 2, 2312, and 3571 (Count 6). (*See Deberry II*, Doc. 1.) The grand jury returned a superseding indictment with more factual detail about the incident. (*See id.*, Doc. 2.) A jury found Petitioner guilty on two counts of kidnapping and one count of transporting a stolen vehicle in interstate commerce. (*Id.*, Doc. 3.) On October 7, 1991, the trial court sentenced Petitioner to two hundred forty (240) months in prison, to be followed by five years on supervised release. (*Id.*, Doc. 4 at PageID 9-10.) Petitioner was taken into federal custody to serve his federal sentence.[2]

Petitioner appealed, and the United States Court of Appeals for the Fifth Circuit affirmed. (*See id.*, Doc. 5 & 6.) On appeal, Petitioner asserted that, because he was acquitted on the firearm counts, it was a violation of double jeopardy and his Sixth Amendment right to a fair and impartial jury to enhance his sentence for use of a firearm in connection with the kidnappings. (*See id.*, Doc.6 at PageID 17.)

In 1992, a grand jury in the Circuit Court of Fayette County, Tennessee returned an indictment charging Petitioner with aggravated rape of the victim. (No. 22-1240, ECF No. 21-1 at PageID 172-773.) On December 4, 1992, the jury returned a guilty verdict. (ECF No. 21-1 at PageID 200-01.) The state court sentenced Petitioner to twenty-years in prison as a standard, Range I offender, with the sentence to run consecutive to his federal sentence. (*Id.* at

---

[2] The state case had not yet begun at that time, and the federal court judgment does not have any directive about the federal sentence being run concurrent with or consecutive to a subsequent related sentence.

3

PageID 204.)  On appeal, Petitioner claimed that: (1) the state failed to prove venue; (2) the prosecutor engaged in misconduct; and (3) the sentence should not be made to run consecutive to the federal sentence.  *See Deberry I*, 1993 WL 492702, at *1.  The Tennessee Court of Criminal Appeals ("TCCA") affirmed.  *Id.* at *4.  On May 16, 1994, the Tennessee Supreme Court denied permission to appeal.  *Id.* at *1.

In 1997, Petitioner filed a motion to vacate his federal sentence under 28 U.S.C. § 2255. (*See Deberry II*, Doc. 10 at PageID 47.)  The federal court in Mississippi denied Petitioner's motions to file successive § 2255 motions in 2001, 2004, and 2005.  (*Id.*)  The federal court denied Petitioner's request for relief under 18 U.S.C. § 3582(c) in 2002.  (*Id.*)

On November 14, 2005, Petitioner filed a motion for new trial in the Circuit Court of Fayette County.  (Civ. No. 22-1240, ECF No. 21-4 at PageID 265; *see* ECF No. 21-7).  *See State v. Deberry*, No. W2005-02843-CCA-R3-CD, 2006 WL 2040437, at *1-2 (Tenn. Crim. App. July 20, 2006) (ECF No. 21-6), *perm. app. denied* (Tenn. Jan. 2, 2007) ("*Deberry III*"). Petitioner alleged that prosecutorial misconduct, ineffective assistance of counsel, and insufficient evidence denied him a right to a fair trial.  *Id*. at *1.  The trial court denied the motion as untimely and because the issue presented had previously been adjudicated.  *Id.*  The TCCA affirmed.  *Id.* at *1-2.

In 2010, Petitioner filed a "Petition to Vacate and Correct an Improper Sentence, Pursuant to 28 U.S.C. § 1651, The All Writs Act" in the United States District Court for the Northern District of Mississippi seeking coram nobis relief.  (*See Deberry II*, Doc. 7.)  Petitioner alleged that the trial court misapplied the sentencing guidelines and that he received an improper federal sentence as a result of a complete miscarriage of justice.  (*Id.* at PageID 20-23.)  On August 3, 2011, the federal court denied the petition for writ of coram nobis and determined

4

that the alleged enhancement, Petitioner's Tennessee sentence, "does not rise to the level of an adverse collateral consequence" for purposes of coram nobis relief. (Doc. 10 at PageID 49.) The court said that "[a]s a matter of reason, Deberry's convictions for *additional* crimes are not collateral consequences of his previous convictions, but instead are direct consequences of his additional criminal behavior. Thus, the enhanced Tennessee sentence also flowed, not from the sentence imposed by this court, but from Deberry's additional criminal acts." (*Id.*)

Petitioner appealed the denial of the writ of coram nobis, and the Fifth Circuit dismissed the appeal as frivolous. *See United States v. Deberry*, 481 F. App'x 885, 886-887 (5th Cir. 2012) ("*Deberry IV*") ("Deberry offers no authority to support his novel assertion that adverse collateral consequences may arise simply from the length of a completed sentence"). The Fifth Circuit said, "Deberry shows no sound reason for failing to 'seek appropriate earlier relief'" and has not made the necessary showing of a complete miscarriage of justice. *Id.* at 886.

TDOC took Petitioner into custody to begin serving his state sentence on July 23, 2014. (*See* Civ. No. 22-1240, ECF No. 22-2.)

Petitioner filed a *pro se* petition for post-conviction relief and supporting memorandum in the Circuit Court of Fayette County, Tennessee on May 4, 2015. (ECF No. 21-8 at PageID 339-52.) Petitioner alleged ineffective assistance of counsel, prosecutorial misconduct, purposeful discrimination, insufficient evidence, and due process claims and asserted that the statute of limitations should be tolled because he was not aware of the Tennessee Post-Conviction Procedure Act until he was transferred into TDOC custody. (*Id.* at PageID 340-44.) The post-conviction court dismissed the petition as untimely filed. (*Id.* at PageID 369.) Petitioner appealed. (*Id.* at PageID 270.) The TCCA affirmed. (ECF No. 21-10.)

On August 23, 2022, Petitioner filed a Motion to Correct Illegal Sentence Under Rule 36.1 of the Rules of Criminal Procedure in the Circuit Court of Fayette County, Tennessee. (ECF No. 21-11 at PageID 427-30.) He alleged sentencing error based on "judge found" facts in violation of *Alleyne v. United States*, 570 U.S. 99 (2013). (*Id.* at PageID 428.) That same day, the court denied the motion because Petitioner had not complied with Tenn. R. Crim. P. 36.1(a) and attached copies of the judgment sheets. (*Id.* at PageID 442.) Petitioner filed a motion for reconsideration and an amended motion, which the court also denied. (*See id.* at PageID 443-55.) On July 11, 2023, the TCCA dismissed Petitioner's appeal as untimely. *See State v. Deberry*, No. W2022-01530-CCA-R3-CD, 2023 WL 4450491 (Tenn. Crim. App. July 11, 2023) (ECF No. 21-13), *perm. app. denied* (Tenn. Nov. 20, 2023) (ECF No. 21-14).

## II.   THE HABEAS PETITION

Petitioner is serving a 20-year sentence, as a standard Range I offender, for a 1992 aggravated rape conviction in the Circuit Court of Fayette County, Tennessee. (*See* ECF No. 8 at PageID 59; *see* ECF No. 21-1 at PageID 200-01, 204.) The trial court ordered the state sentence to run consecutive to Petitioner's federal sentence. (*Id.* at PageID 204, 213-14.) Petitioner challenges the validity of his federal sentence because the "[f]ederal sentencing scheme (as was applied), has not been ruled 'a violation of a Defendant's Sixth Amendment Constitutional Due Process Rights to have an impartial jury find each element beyond a reasonable doubt.'" (ECF No. 8 at PageID 60.) Petitioner complains that "Judge found facts" were used to increase his mandatory minimum federal sentencing guidelines range "when those fact(s) were never charged in his indictment, nor found by the jury beyond a reasonable doubt." (*Id.*) Petitioner contends that he is illegally detained in TDOC custody in violation of his Eighth Amendment right against cruel and unusual punishment and constitutional due process. (*Id.*)

6

### III. ANALYSIS

Respondent argues that the Petition is untimely, *Heck*-barred, and procedurally defective. (ECF No. 22-1 at PageID 485, 488-95.) Petitioner replies that Respondent misconstrues his petition as filed under 28 U.S.C. § 2254. (ECF No. 23 at PageID 298.) Petitioner asserts that he is "not complaining about his state conviction or sentence . . ., but his continued detention within the T.D.O.C., due to the direct result of subsequent related unlawful federal sentence." (*Id.*) Relying on *Garlotte v. Fordice*, 515 U.S. 39 (1995), Petitioner asserts that his federal and state consecutive sentences must be viewed in the aggregate, that he is "in custody" on both sentences, and that a petition pursuant to 28 U.S.C. § 2241(c)(3) is the appropriate avenue for habeas relief. (*Id.* at PageID 500.)

#### A. Habeas Relief

Petitioner asserts that he is seeking relief from his federal sentence under 28 U.S.C. § 2241(c)(3), acknowledges that the time has expired to seek relief under 28 U.S.C. § 2255, and contends that he is "in custody" under *Garlotte*. (ECF No. 8-1 at PageID 77; ECF No. 23 at PageID 500.) Petitioner contends that § 2241(c)(3) is the proper avenue for relief from his consecutive federal sentence. (*Id.* at PageID 498.)

Petitioner's federal sentence has fully expired, and he is presently in TDOC custody on his state sentence. The Court must first address Petitioner's argument that he is "in custody" under the federal sentence and then address whether Petitioner is entitled to habeas relief under § 2241.

#### 1. The "In Custody" Requirement

Section 2241(c)(3) extends the writ of habeas corpus to a prisoner who is "in custody in violation of the Constitution or law or treaties of the United States." Petitioner contends that

7

he is "in custody" under *Garlotte* on both his federal and state sentences and that he can challenge his federal sentence despite the fact that he is now in state custody.

In *Garlotte*, 515 U.S. at 39, 41, the petitioner entered simultaneous guilty pleas and was ordered by a Mississippi state court "to serve, consecutively, a 3-year prison sentence on a marijuana conviction, followed by concurrent life sentences on two murder convictions." The petitioner filed a federal habeas petition on the marijuana conviction, but by that time, he was no longer in custody under that conviction and had begun serving the life sentences. *Id.* at 39, 42. The petitioner argued that he remained "in custody" on the marijuana conviction because that conviction postponed the date on which he would be eligible for parole. *Id.* at 43. The Supreme Court concluded that "for purposes of habeas relief, consecutive sentences should be treated as a continuous series" or "continuous stream" such that a petitioner "remains 'in custody' under all of his sentences until all are served" and determined that the petitioner was "in custody" for purposes of seeking federal habeas relief on the marijuana conviction. 515 U.S. at 41. The Supreme Court emphasized that "[i]nvalidation of Garlotte's marijuana conviction would advance the date of his eligibility for release from present incarceration" and that "Garlotte's challenge, which will shorten his term of incarceration if he proves unconstitutionality, implicates the core purpose of habeas review." *Id.* at 47.

Petitioner's case is distinguishable from *Garlotte*. In *Garlotte*, 515 U.S. at 42, 44-45, the convictions and consecutive sentences resulted from a simultaneous plea in the same court, where there was indifference as to which of the consecutive sentences would be served first. In Petitioner's case, the convictions and sentences were from two different sovereigns, and the latter state sentence was to run consecutive to an already imposed and now expired federal sentence.

8

Several courts have addressed the relevant distinctions concerning dual sovereigns, expiration of the first of two consecutive sentences, and whether there was any present restraint on the petitioner from the first sentence in determining whether the petitioner remained "in custody" and could seek habeas relief.

In *Diaz v. State of Fla. Fourth Jud. Cir. ex rel. Duval Cnty.*, 683 F.3d 1261, 1262-63 (11th Cir. 2012), the petitioner was arrested on state racketeering charges; prosecuted on federal drug charges for the same events; pled guilty to the federal charges and was sentenced to 150 months imprisonment to run concurrent to any state sentence; then entered a guilty plea on the state racketeering charges; and was sentenced by the state court to "a term of 7.5 years of imprisonment to be served in state custody that was to run consecutively and prior to the 12.5–year federal sentence that had been imposed by the federal district court." Diaz fully satisfied his state sentence of 7.5 years of imprisonment and was transferred to federal custody. *Id.* at 1263. He sought credit for his time in state custody to apply to his federal sentence. *Id.* Diaz then filed a § 2254 petition challenging the constitutionality of his state convictions. *Id.* Diaz argued, based on *Garlotte*, that he was still in custody on the state sentence. *Diaz*, 683 F.3d at 1264. Relying on *Maleng v. Cook*, 490 U.S. 488 (1989), the Eleventh Circuit determined that Diaz's state sentence had fully expired and that Diaz was not under any "present restraint" attributable to the state conviction. *Diaz*, 683 F.3d at 1264-65. The court said that "the 'core purpose of habeas review' identified in *Garlotte* – the shortening of the overall term of incarceration – is not implicated in this scenario where different sovereigns impose individual sentences and petitioner challenges the conviction for which the sentence has been fully

9

satisfied."[3] *Diaz*, 683 F.3d at 1265. The court determined that, because Diaz had fully satisfied his state sentence and been transferred to federal custody, he was no longer in custody pursuant to any judgment of a state court, and the § 2254 petition was dismissed. *Id.* at 1266.

In *Boone v. Warden, Att'y Gen.*, 800 F. App'x 739, 739-40 (11th Cir. 2020), the petitioner had a state court drug conviction with an eighteen-month sentence and a subsequent state murder conviction with a sentence of life imprisonment without the possibility of parole. The petitioner filed a § 2254 petition challenging the drug conviction, and the petition was dismissed for lack of jurisdiction because the petition was no longer "in custody" on the drug conviction. *Id.* at 740. Citing *Maleng*, 490 U.S. at 492, the Eleventh Circuit noted that "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack." *Boone*, 800 F. App'x at 741. The court determined that, like in *Diaz*, the petitioner was not under a "present restraint" attributable to the drug conviction and that he was not "in custody" for purposes of challenging the drug conviction. *Id.* at 741-42.

*Garlotte* does not apply. Petitioner's case, like *Diaz* and *Boone*, involved a petitioner whose first sentence has expired and who is not "in custody" at the time he seeks relief. As noted by the Fifth Circuit in *Deberry IV*, Petitioner does not suffer an adverse collateral consequence or "present restraint" attributable to his federal conviction. Petitioner is not "in custody" on his federal conviction.

---

[3] Other courts have found a factual distinction based on different sovereigns and chosen not to apply *Garlotte* to find a petitioner is "in custody." *See Wardell v. Exec. Dir., Colorado Dep't of Corr.*, No. 13-CV-00037-BNB, 2013 WL 3927659, at *3 (D. Colo. July 30, 2013); *see Allen v. State of Or.*, 153 F.3d 1046, 1048 (9th Cir. 1998) (*Garlotte* applies only when the petitioner is still in the custody of the same sovereign responsible for the challenged conviction); *see D'Amario v. Lynch*, No. CIV. 05-236-S, 2006 WL 858089, at *4 (D.R.I. Feb. 22, 2006).

## 2. § 2241 Relief For Federal Conviction

Even if Petitioner were determined to be "in custody," § 2241 relief is not available on Petitioner's federal sentence. "A district court has no jurisdiction over an application for habeas under [§] 2241 if the petitioner could seek relief under [§] 2255, and either has not done so or has done so unsuccessfully. The only escape route is the saving clause." *Taylor v. Owens*, 990 F.3d 493, 499 (6th Cir. 2021). The "saving clause" in § 2255(e) provides as follows:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Courts construing this language "have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under . . . § 2255, and that claims seeking to challenge the execution or manner in which [his] sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under . . . § 2241." *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam) (internal citations omitted); *see United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (stating that § 2255 "is the primary avenue for relief for federal prisoners protesting the legality of their sentence, while § 2241 is appropriate for claims challenging the execution or manner in which the sentence is served"). The saving clause thus limits the Court's subject matter jurisdiction because "[a] district court has no jurisdiction over an application for habeas under [§] 2241 if the petitioner could seek relief under [§] 2255." *Taylor*, 990 F.3d at 499.

Petitioner claims to be attacking his federal conviction, alleges constitutional violations, and requests that the court vacate the federal sentence. (*See* ECF No. 8 at PageID 68.) To that

extent, habeas relief under § 2241 is not available to him unless relief under § 2255 is inadequate or ineffective. *See* § 2255(e). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756.

"The circumstances in which § 2255 is inadequate and ineffective are narrow." *Peterman*, 249 F.3d at 461. The Sixth Circuit noted in *Charles* that "the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate." 180 F.3d at 756 (citations omitted). The Supreme Court held in *Jones v. Hendrix*, 599 U.S. 465, 471 (2023), that "§ 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent [§ 2255(h)'s] restrictions on second or successive § 2255 motions by filing a § 2241 petition."

Petitioner has attempted to obtain relief from his federal convictions under 28 U.S.C. § 2255 and successive § 2255 motions multiple times and has been denied. Petitioner has not shown that a § 2255 motion would be "inadequate or ineffective to test the legality of his detention," such that the saving clause of § 2255(e) would apply. "[T]he § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, . . . or because the petitioner is procedurally barred from pursuing relief under § 2255, . . . or because the petitioner has been denied permission to file a second or successive motion to vacate." *Charles*, 180 F.3d at 756 (internal citations omitted).

Because Petitioner has failed to meet his burden of showing that § 2255(e)'s saving clause applies, the Court is without jurisdiction to address the merits of the petition as it relates to his federal convictions under § 2241. *See Taylor*, 990 F.3d at 499. This Court is not the

sentencing court for Petitioner's federal conviction and has no jurisdiction to resolve issues concerning the imposition of Petitioner's federal convictions and sentence. *See* 28 U.S.C. §§ 2255(a) & (h).

### 3.    § 2241 Relief for State Sentencing Calculation

In addition to Petitioner's request that the Court vacate his federal sentence, he also requests that the Court "**[g]rant** him credited time served towards his 1992 subsequent related state of Tennessee sentence, and . . . issue an **ORDER** that the Respondents immediately release him from such un-wanton cruel and unusual punishment." (ECF No. 8 at PageID 68.) Based on this request, the petition could be liberally construed as a challenge to the manner in which Petitioner's state sentence is being executed under § 2241.

A petition for a writ pursuant to 28 U.S.C. § 2241 generally arises from "a challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself." *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998); *see United States v. Stark*, No. 18-5299, 2018 WL 4621947, at *1 (6th Cir. July 13, 2018) ("A § 2241 petition is proper only when a petitioner challenges the manner in which his sentence is being executed, names the prisoner's custodian as a respondent, and is filed in the district where he is confined") (citations omitted). An incarcerated state petitioner may use 28 U.S.C. § 2241 to challenge the execution of a sentence, the manner in which a sentence is being served, or claims generally pertaining to the computation of parole or sentencing credits. *See Murphy v. Dep't of Corr.*, No. 3:19-cv-00487, 2019 WL 4167343, at *1 (M.D. Tenn. Sept. 3, 2019) (citing *Ali v. Tennessee Bd. of Pardon & Paroles*, 431 F.3d 896 (6th Cir. 2005)); *Greene v. Tennessee Dep't of Corr.*, 265 F.3d 369, 372 (6th Cir. 2001); *but see Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006) (noting that "there exists some question whether state prisoners may ever proceed under § 2241").

13

A federal court may not grant a writ of habeas corpus on behalf of a state prisoner unless, with certain exceptions, the prisoner has exhausted available state remedies by presenting the same claim sought to be redressed in a federal habeas court to the state courts pursuant to 28 U.S.C. § 2254(b) and (c). *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). This requirement applies to prisoners who file habeas petitions challenging the execution of their sentences under 28 U.S.C. § 2241. *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 489-91 (1973); *Collins v. Million*, 121 F. App'x 628, 630-31 (6th Cir. 2005). The petitioner must "fairly present" each claim to each appropriate state court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). A claim has not been fairly presented to the state courts when it "has been presented for the first and only time in a procedural context in which its merits will not [ordinarily] be considered." *Castille v. Peoples*, 489 U.S. 346, 350 (1989). The petitioner carries the burden of demonstrating exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

In Tennessee, an inmate seeking to challenge the award of post-judgment sentence reduction credits, including "good time" or behavior credits, must follow the procedures set forth in the Uniform Administrative Procedures Act ("UAPA"). *See Yates v. Parker*, 371 S.W.3d 152, 155 (Tenn. Crim. App. 2012) ("The proper avenue to address post-judgment jail credit for prisoners is through the TDOC administratively"). Petitioner must follow the UAPA to challenge his sentence expiration date or release eligibility date. *See Hughley v. State*, 208 S.W.3d 388, 395 (Tenn. 2006) (the validity of any sentence reduction credits must be addressed through the UAPA). Under the UAPA, to exhaust a sentence calculation challenge, an inmate must first seek a declaratory order about the sentence calculation from the TDOC. *Stewart v. Schofield*, 368 S.W.3d 457, 464 (Tenn. 2012); *Bonner v. Tennessee Dep't of Correction*, 84 S.W.3d 576, 583 (Tenn. Ct. App. 2001) (citing Tenn. Code Ann. § 4-5-225(b)). If the TDOC

14

refuses to issue a declaratory order, the petitioner may seek judicial review by seeking a declaratory judgment in the chancery court of Davidson County and may appeal the chancery court's adverse decision to the Tennessee Court of Appeals. *Stewart*, 368 S.W.3d at 464; *Bonner*, 84 S.W.3d at 578; *see Harris v. Whisman*, No. 3:19-CV-00174, 2024 WL 4757591, at *6 (M.D. Tenn. Nov. 12, 2024).

To the extent Petitioner seeks sentence credits on his state sentence, Petitioner has not demonstrated that he has properly exhausted his state court remedies by seeking a declaratory order from TDOC or a declaratory judgment in chancery court. Petitioner has not shown an entitlement to habeas relief under § 2241 based on his request for credits on his Tennessee sentence.

### B. The Petition is Barred by *Heck*

Respondent argues that the petition does not allege an error in the Tennessee sentence. (ECF No. 22-1 at PageID 490.) He only alleges that the Tennessee sentence should have begun earlier because of error with the federal sentence. (*Id.*) Respondent asserts that the petition is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because *Heck* precludes relief that would imply the invalidity of a prior criminal judgment unless that judgment is overturned. (*Id.*) Respondent acknowledges that *Heck* addressed a civil rights claim under 42 U.S.C. § 1983. (*Id.*) However, Respondent relies on *Doty v. Berghuis*, No. 1:08-cv-612, 2008 WL 4756018 (W.D. Mich. Oct. 23, 2008), to argue that *Heck*'s logic applies to habeas petitions. (*Id.*) In *Doty*, the court reasoned that "because the awarding of relief on Doty's § 2254 petition would necessarily imply that his conviction was invalid, the petition is barred by the *Heck* doctrine." *Id.* at *2.

In *Heck*, the Supreme Court determined that, "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87.  A state prisoner has no cause of action under § 1983 if the claims in that action hinge on factual proof that would call into question the validity of a state court order directing his confinement unless and until any prosecution is terminated in his favor, his conviction is set aside, or the confinement is declared illegal.  *Heck*, 512 U.S. at 481-82.

The principle of *Heck* is not to create a civil ruling that would call into question the validity or a criminal conviction or sentence, unless that conviction or sentence has been overturned.  However, Respondent has not cited a Supreme Court case, a Sixth Circuit case, or other persuasive authority to apply *Heck* in this habeas context.

C. **Timeliness**

Respondent analyzes Petitioner's claims under § 2254. (*See* ECF No. 22-1 at PageID 485, 492-94.)  Respondent argues that Petitioner's claims are untimely under 28 U.S.C. § 2244(d)(1).  (*Id.* at PageID 488-90.)  However, Petitioner has only challenged the federal sentence and alleged that it is cruel and unusual punishment for him to remain incarcerated because the state sentence would have begun earlier if not for the erroneous federal sentence.

(*See* ECF No. 8 at PageID 65-68.) For these reasons, the Court declines to construe the petition as filed under 28 U.S.C. § 2254.[4]

## IV. MOTION FOR PERMISSIVE JOINDER

Petitioner seeks to join the United States of America as a respondent to the Amended Petition pursuant to Federal Rule of Civil Procedure 20(a)(2). (ECF No. 27.) Rule 20(a)(2) states that "[p]ersons . . . may be joined in one action as defendants if (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." As stated *supra*, the proper respondent to a habeas petition is the Petitioner's custodian HCCF Warden Chance Leeds. *See Rumsfeld*, 542 U.S. at 434-35; *see* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules")[5] ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody"). Petitioner is no longer in custody of the Federal Bureau of Prisons or the United States of America. The United States of America is not a proper respondent. Petitioner's motion is **DENIED**.

---

[4] If the petition had been filed under 28 U.S.C. § 2254, it would be untimely given that the state conviction became final in 1994, and Petitioner did not file the petition until 2022. (*See* ECF No. 22-1 at PageID 488-90.) To the extent Petitioner attempts to rely on *Alleyne*, 570 U.S. 99, *Alleyne* is not retroactive to cases on collateral review and did not reset the limitations period. *See In Re Mazzio*, 756 F.3d 487, 488 (6th Cir. 2014).

[5] These Rules also apply to habeas petitions under 28 U.S.C. § 2241. *See* Habeas Rule 1.

V. **CONCLUSION**

For the reasons stated above, the Motion for Permissive Joinder is **DENIED.** Respondent's Motion to Dismiss is **GRANTED**, and the § 2241 Petition is **DISMISSED**. The Court lacks subject matter jurisdiction to the extent Petitioner attacks his federal conviction. To the extent Petitioner is seeking credit to be applied to his state sentence, Petitioner has not demonstrated that he has exhausted his claim.

VI. **APPEAL ISSUES**

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a habeas petition and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* Fed. R. App. P. 22(b). The Sixth Circuit has determined that a COA is required to for "all state-prisoner habeas appeals, whether seeking pretrial relief under § 2241 or post-conviction relief under § 2254." *See Winburn v. Nagy*, 956 F.3d 909, 912 (6th Cir. 2020).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted); *see Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814–15 (6th Cir.

2011). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

In this case, there can be no question that Petitioner has not alleged a basis to challenge his federal sentence under the savings clause and has not exhausted any claim to sentence credits as it relates to his state sentence. Because any appeal by Petitioner on the issues raised in his § 2241 Petition does not deserve attention, the Court **DENIES** a COA.

Fed. R. App. P. 24(a)(1) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5). For the same reasons the Court denies a COA, the Court concludes that an appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is **DENIED**.[6]

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: March 20, 2025.

---

[6] If Petitioner files a notice of appeal, he must pay the full $605 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).